UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROLYN TURNER,

    Plaintiff,

v.                                              Case No. 6:17-cv-338-Orl-37DCI

BOSTON SCIENTIFIC
CORPORATION; EMAI PLASTIC RAW
MATERIAL CO., LTD.; PROXY
BIOMEDICAL LIMITED; LUXILON
INDUSTRIES NV; CAMBRIDGE
POLYMER GROUP, INC.; and
SHENZHEN YFL INTERNATIONAL
LOGISTICS LIMITED,

    Defendants.
_____

## **ORDER**

In the instant action, Plaintiff asserts various claims against Defendants regarding the procurement and sale of transvaginal mesh—a medical device designed to be permanently implanted into women's bodies. (Doc. 1.) Due to the pendency of similar federal actions throughout the country, the U.S. Judicial Panel on Multidistrict Litigation ("**MDL Panel**") has transferred like-actions to the Southern District of West Virginia for consolidated pretrial proceedings. (Doc. 25-1 ("**Consolidation Order**").) Notably, the Consolidation Order aims to "eliminate duplicative discovery[,] prevent inconsistent pretrial rulings[,] and conserve the resources of the parties, their counsel[,] and the judiciary. (*Id.* at 3.)

Pursuant to this goal, the MDL Panel recently issued an Order conditionally

transferring this action to the Southern District of West Virginia for coordinated pretrial proceedings in Multidistrict Litigation No. 2326. (Doc. 25-2 ("**Conditional Transfer Order**").) According to Defendant Boston Scientific Corporation ("**Boston Scientific**"), Plaintiff has filed a notice opposing the Conditional Transfer Order, and her motion to vacate is due on May 2, 2017. (Doc. 25, p. 3 n.1.) As such, Boston Scientific moves to stay the instant action until the MDL Panel resolves the issues raised by Plaintiff's forthcoming motion to vacate. (Doc. 25 ("**Motion to Stay**").) Plaintiff does not oppose the Motion to Stay. (Doc. 27.)

The Court's authority to stay proceedings derives from the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Rambaran v. Park Square Enters., Inc.*, No. 6:08-cv-247-Orl-19GJK, 2008 WL 4371356, at *2 (M.D. Fla. Sept. 22, 2008) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). But "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must [properly limit] the scope of the stay." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000). Such stay must not be indefinite. *See id.*

Upon consideration, the Court agrees that a limited stay would conserve judicial resources, prevent duplication of the litigants' efforts, and streamline the resolution of this federal action. Importantly, the requested stay is sufficiently limited in scope, agreed

to by the parties,[1] and consistent with the rationale set forth in the MDL Panel's Consolidation Order.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Bostic Scientific's Time-Sensitive Motion to Stay All Proceedings Pending Resolution of Plaintiff's Opposition to the JMPL's Conditional Transfer Order to MDL No. 2326 (Doc. 25) is **GRANTED**.

2. This action is **STAYED** pending the MDL Panel's decision on Plaintiff's forthcoming motion to vacate.

3. The parties are **DIRECTED** to:

    a. Provide a status report on the pendency of Plaintiff's motion on Tuesday, **July 25, 2017**, and every ninety (90) days thereafter; and

    b. Immediately notify the Court upon the MDL Panel's resolution of Plaintiff's motion to vacate the Conditional Transfer Order.

4. The Clerk is **DIRECTED** to terminate all pending motions and deadlines and administratively close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 27, 2017.



ROY B. DALTON JR.
United States District Judge

---

[1] Plaintiff and Boston Scientific are the only parties that have appeared in this action.

Copies to:
Counsel of Record